UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PRN PHARMACEUTICAL SERVICES, LP, | ) |
| Plaintiff, | ) |
| vs. | ) |
| KENTUCKIANA HEALTHCARE, LLC, *et al.*, | ) 1:15-cv-2030-JMS-DKL |
| Defendants. | ) |
| KENTUCKIANA HEALTHCARE, LLC, *et al.*, | ) |
| Counter-Plaintiffs, | ) |
| vs. | ) |
| PRN PHARMACEUTICAL SERVICES, LP, | ) |
| Counter-Defendant. | ) |
| KENTUCKIANA HEALTHCARE, LLC, | ) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| OMNICARE, INC., | ) |
| Third-Party Defendant. | ) |

## ORDER

Presently pending before the Court is a Motion to Remand or, Alternatively, for Abstention filed by PRN Pharmaceutical Services, LP ("PRN") and Omnicare, Inc. ("Omnicare") (collectively, the "PRN Parties"). [Filing No. 14.] Kentuckiana Healthcare, LLC

("Kentuckiana"), opposes that motion, [Filing No. 31], and the PRN Parties have filed a Motion to Strike Certain Exhibits and Incorporation of Other Briefs into Kentuckiana's opposition brief. [Filing No. 37.] Kentuckiana asks for an extension of time to file a response to the motion to strike as well as to move for leave to file a surreply brief, [Filing No. 40], and the PRN Parties oppose those requests, [Filing No. 41].

This case's six-year journey through state, federal, and bankruptcy courts in Indiana and Kentucky calls to mind various lyrics from "The Long and Winding Road." THE BEATLES, *The Long and Winding Road*, LET IT BE (Apple Records 1970). Because this Court lacks subject matter jurisdiction over this action, the road indeed leads back to the Marion Superior Court's door. For reasons detailed more fully herein, the Court grants the PRN Parties' Motion to Remand, [Filing No. 14], denies the PRN Parties' Motion to Strike, [Filing No. 37], denies Kentuckiana's extension request, [Filing No. 40], and denies all other pending motions as moot, [Filing No. 24; Filing No. 26; Filing No. 29].

**I.**
**STANDARD OF REVIEW**

"[S]ubject matter jurisdiction is a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000) (collecting cases). Thus, it cannot be waived and "always comes ahead of the merits." *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007).

A party that removes a state court case to federal court has the burden of establishing federal jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013) ("The removing defendant has the burden of proving the jurisdictional predicates for removal."). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice

of forum in state court." *Schur*, 577 F.3d at 758. "If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447.

## II.
### RELEVANT BACKGROUND

### A. Original Indiana State Court Proceeding

PRN initially filed this case in Marion Superior Court ("Indiana State Court") on April 14, 2010, against Brownsburg Health Care Center, LLC, Plainfield Health Care Center, LLC, and Castleton Health Care Center, LLC (the "Nursing Home Owners"); Paramount of Indianapolis, LLC and Paramount Healthcare Management, LLC (the "Paramount Defendants"); and Kentuckiana. [Filing No. 1-4 at 4; Filing No. 14-5.] PRN sought payment for goods and services provided to various nursing homes under a series of contracts, asserting state-law claims for breach of contract, unjust enrichment, promissory estoppel, and tortious interference. [Filing No. 1-4 at 4; Filing No. 14-5.] Kentuckiana and the Paramount Defendants responded with a counterclaim against PRN for breach of contract, fraud, unjust enrichment, and civil conversion, and also asserted third-party claims against Omnicare for breach of a third-party agreement and tortious interference with a business relationship. [Filing No. 14-14 at 2-3.]

### B. First Removal to Indiana District Court

On May 18, 2010, the Nursing Home Owners removed PRN's state court action to the United States District Court for the Southern District of Indiana ("Indiana District Court" or "this Court"), alleging that this Court could exercise diversity jurisdiction. [Cause No. 1:10-cv-616-LJM-DML, Dkt. 1.] Because the Nursing Home Owners later conceded that they improperly pled their own citizenship and all parties agreed that diversity jurisdiction did not exist, the action was

remanded to the Indiana State Court on June 2, 2010.  [Cause No. 1:10-cv-616-LJM-DML, Dkt. 7, Dkt. 8.]

### C. Kentuckiana Bankruptcy

On August 10, 2010, Kentuckiana filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Kentucky ("Kentucky Bankruptcy Court").  [Filing No. 14-6.]

On October 6, 2010, Kentuckiana and the Paramount Defendants removed this action from the Indiana State Court to the United States Bankruptcy Court for the Southern District of Indiana ("Indiana Bankruptcy Court") pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 1452, and Federal Rule of Bankruptcy Procedure 9027.  [Filing No. 14-10.]  Kentuckiana and the Paramount Defendants moved to transfer the removed action to the Kentucky Bankruptcy Court, and the Indiana Bankruptcy Court granted that motion on December 20, 2010.  [Filing No. 14-12.]

### D. Kentucky District Court Proceedings

On March 30, 2012, the parties filed a Joint Motion to Withdraw Reference with the United States District Court for the Western District of Kentucky ("Kentucky District Court").  [Filing No. 14-14.]  The Kentucky District Court ordered the parties to brief the issue "of the jurisdictional basis for this court to entertain the case . . . as the case is grounded entirely in state law and there is no diversity jurisdiction."  [Filing No. 14-15 at 2.]  The Kentucky District Court noted that it would have jurisdiction "over the matter only if it arises in or relates to a bankruptcy case."  [Filing No. 14-15 at 2 (citing 28 U.S.C. § 1334(b)).]  Ultimately, on October 24, 2012, the Kentucky District Court concluded that "this matter is 'related to' a bankruptcy" because of a right to indemnity asserted against Kentuckiana that "will potentially impact Kentuckiana's liabilities, and [is] therefore related to the bankruptcy proceeding."  [Filing No. 14-15 at 2-3.]  Thus, the Kentucky

4

District Court concluded that good cause had been shown for withdrawing the reference from the Kentucky Bankruptcy Court, and it did so pursuant to 28 U.S.C. § 157(d) for purposes of conducting a trial by jury.  [Filing No. 14-15 at 4-5.]

On November 15, 2013, the PRN Parties filed an Amended Complaint—which remains the operative complaint in this action—with the Kentucky District Court.  [Filing No. 14-8.]  On March 7, 2014, the Kentucky District Court *sua sponte* entered a memorandum opinion and order proposing that it abstain from exercising jurisdiction pursuant to 28 U.S.C. § 1334(c)(1) (the "Abstention Order").  [Filing No. 14-1.]  The Kentucky District Court noted that the parties had made "little progress toward trial readiness" and that certain motions pending before it had "prompted future review [of] the tentative decision of this court to abstain from hearing this matter, pursuant to 28 U.S.C. § 1334(c)(1)."  [Filing No. 14-1 at 4-5.]  The Kentucky District Court analyzed the permissive abstention factors and was "strongly persuaded that abstention is the appropriate course of action."  [Filing No. 14-1 at 7-9.]  It observed that "this matter was originally brought as a garden variety Indiana state court civil action.  There are no issues of federal law implicated in the resolution of this adversary proceeding.  There is no other ground for jurisdiction by a federal court absent the relation to a bankruptcy."  [Filing No. 14-1 at 9.]  The Kentucky District Court concluded that "[t]hese state law claims may be easily severed from core bankruptcy proceedings, and post-trial enforcement of any Indiana judgments can be handled by the bankruptcy court.  In this court's view, the plaintiff's initial choice of forum, the Indiana state courts, should be respected, and the Indiana courts should be afforded the opportunity to address these significant state law contract matters."  [Filing No. 14-1 at 10.]  For these reasons, the Kentucky District Court concluded that "the balance of factors weigh strongly in favor of abstention by this court and remand of this action to the Indiana State Court from which it was

5

removed." [Filing No. 14-1 at 11.] Because it had raised the abstention issue *sua sponte*, it gave the parties fourteen days to show cause why its decision should not be rendered final. [Filing No. 14-1 at 11.] Ultimately, on May 14, 2014, the Kentucky District Court adopted the Abstention Order as final and remanded this action back to the Indiana State Court. [Filing No. 14-2.]

Kentuckiana appealed the Kentucky District Court's Abstention Order to the Sixth Circuit Court of Appeals. [Filing No. 14-17.] On December 12, 2014, the Sixth Circuit dismissed Kentuckiana's appeal for lack of jurisdiction, concluding that appellate review of the Abstention Order and remand were barred by 28 U.S.C. § 1334(d) and 28 U.S.C. § 1452(b). [Filing No. 14-19.]

### D. Back to Indiana State Court

After the action was transferred back to the Indiana State Court, the parties briefed various summary judgment motions throughout 2015. The Indiana State Court held a summary judgment hearing on August 17, 2015, and the PRN Parties believe it was clear from that hearing that the Indiana State Court was not going to grant a summary judgment motion filed by Kentuckiana regarding certain bankruptcy defenses. [Filing No. 17 at 8.]

On September 25, 2015, Kentuckiana filed a Motion to Enforce its Bankruptcy Plan of Liquidation and Order of Confirmation with the Kentucky Bankruptcy Court, asking that court to bar the PRN Parties from asserting claims and defenses against Kentuckiana in the Indiana State Court. [Filing No. 14-25.] The PRN Parties objected to that motion, [Filing No. 14-26], and the Kentucky Bankruptcy Court held a hearing on October 7, 2015. [Filing No. 14-27.] At a reconvened hearing later that month, Kentuckiana's Motion to Enforce was withdrawn without prejudice. [Filing No. 14-29.]

The Indiana State Court ruled on the pending summary judgment motions on October 19, 2015. [*See, e.g.*, Filing No. 14-20 (October 19, 2015 Order denying Kentuckiana's second and third summary judgment motions); Filing No. 31-28 (October 19, 2014 Order denying Kentuckiana's first motion for summary judgment).][1] Kentuckiana asked the Indiana State Court to certify those decisions for interlocutory appeal, [Filing No. 14-23], but the Indiana State Court later denied that motion, [Filing No. 14-24].

On November 19, 2015, the PRN Parties and the Nursing Home Owners informed the Indiana State Court that they had reached a settlement agreement resolving all claims and defenses between them. [Filing No. 14-21.] They moved to dismiss those claims and defenses with prejudice, and the Indiana State Court granted that motion over Kentuckiana's objection on December 17, 2015. [Filing No. 31-26.]

The PRN Parties filed a Motion for Summary Judgment on Kentuckiana's only remaining counterclaim in the state court action on December 10, 2015. [Filing No. 14-30 at 17; Filing No. 17 at 9 (characterizing substance of motion).]

Kentuckiana filed a Notice of Removal on December 22, 2015, [Filing No. 1; Filing No. 14-30 at 17], and the Indiana State Court cancelled the jury trial for this action that was scheduled to begin in February 2016, [Filing No. 14-30 at 17].

### E.  Second Removal to Indiana District Court

Kentuckiana's Notice of Removal alleges that this Court has original jurisdiction under 28 U.S.C. § 1334 and that the action is removable under 28 U.S.C. § 1452(a), 28 U.S.C. § 1441(a)-

---

[1] The Indiana State Court also ruled on summary judgment motions filed by the PRN Parties and the Nursing Home Owners on October 19, 2015, [*see* Filing No. 14-23 (Kentuckiana's Motion to Certify Interlocutory Appeal, detailing the Indiana State Court's rulings on those motions)], but the Court could not locate that order in the almost 1,000 pages of briefs and evidence the parties submitted on the pending remand motion.

7

(b), and 28 U.S.C. § 1331. [Filing No. 1 at 1-2.] Kentuckiana sets forth the six-year history of the case and alleges that "[w]ith the dismissal of the Nursing Home Owners, the only claims remaining between PRN/Omnicare and Kentuckiana are core [bankruptcy] claims" pursuant to 28 U.S.C. § 157(b). [Filing No. 1 at 6-9.] In light of the allegedly "changed circumstances" resulting from the dismissal of the Nursing Home Owners, Kentuckiana analyzed the permissive abstention factors and concluded that the Kentucky District Court's rationale for permissive abstention was no longer supported. [Filing No. 1 at 9-12.] Kentuckiana represented that it "will be filing a motion seeking transfer of venue pursuant to 28 U.S.C. § 1412" to the Kentucky District Court for immediate referral to the Kentucky Bankruptcy Court "so that the claims in the State Court Action and core matters raised therein can be determined by the same court administering Kentuckiana's bankruptcy estate." [Filing No. 1 at 18.]

On January 21, 2016, the PRN Parties filed a Motion to Remand these proceedings to Indiana State Court. [Filing No. 14.] On March 7, 2016, Kentuckiana filed its Response in Opposition to the PRN Parties' Motion to Remand. [Filing No. 31.] The PRN Parties replied in support of their motion on March 17, 2016, [Filing No. 34], and also filed a Motion to Strike Certain Exhibits and Incorporation of Other Briefs into Kentuckiana's Brief in Opposition to the Motion to Remand, [Filing No. 37]. Kentuckiana has asked for an extension of time to respond to the PRN Parties' Motion to Strike as well as an extension of time to move for leave to file a surreply in opposition to the Motion to Remand "until thirty-days after a final non-appealable order is issued by the Bankruptcy Court for the Western District of Kentucky on whether this is a core

proceeding . . . ."[2]  [Filing No. 40.]  The PRN Parties object to Kentuckiana's extension request, [Filing No. 41], and Kentuckiana has filed a reply in support of that motion, [Filing No. 42].

## III.
### DISCUSSION

The Court will address the PRN Parties' Motion to Strike, [Filing No. 37], and then turn to the merits of the PRN Parties' remand request, [Filing No. 14].

### A.  The PRN Parties' Motion to Strike

The PRN Parties ask the Court to strike various exhibits that Kentuckiana filed with its opposition brief that the PRN Parties contend are irrelevant to the remand request.  [Filing No. 38 at 3-5.]  The PRN Parties also contend that Kentuckiana "tries to evade the proper procedures of this Court and confuse the issues by purporting to incorporate" two briefs on other substantive motions it filed into its opposition brief to the remand request.  [Filing No. 38 at 5-7.]  The PRN Parties argue that allowing such incorporation would prejudice the PRN Parties, who only have a 20-page limit for their reply brief.  [Filing No. 38 at 7.]

Instead of responding to the PRN Parties' Motion to Strike, Kentuckiana has requested an extension of time to "until thirty-days after a final non-appealable order is issued by the Bankruptcy Court for the Western District of Kentucky on whether this is a core proceeding . . . ." [Filing No. 40.]

---

[2] The Kentucky Bankruptcy Court held a status hearing in Kentuckiana's bankruptcy proceeding on March 31, 2016.  [Filing No. 41-3.]  In response to that court's question regarding whether there was anything to report, counsel for Kentuckiana informed that court that "[t]he case keeps getting worse."  [Filing No. 41-3 at 3.]  After a brief exchange, the Kentucky Bankruptcy Court gave Kentuckiana 45 days "to file whatever [it] needs to file with the court" and the PRN Parties 30 days to respond to whatever was filed.  [Filing No. 41-3 at 4.]  The Kentucky Bankruptcy Court indicated that it would set a hearing on whatever Kentuckiana files.  [Filing No. 41-3 at 5.]

Although the Court does not condone Kentuckiana's possible attempt to evade page limits by incorporating two other substantive filings into its opposition brief, under the circumstances presented herein, the Court denies the PRN Parties' Motion to Strike. [Filing No. 37.] The PRN Parties have not been prejudiced by Kentuckiana's opposition brief because, despite their concerns, they were able to file a compliant 20-page reply brief. [Filing No. 34.] Moreover, because the Court ultimately agrees with the PRN Parties that it lacks subject matter jurisdiction over this action and that it must be remanded, the PRN Parties have not been prejudiced by the allegedly irrelevant exhibits or Kentuckiana's possible attempt to evade page limits. Thus, the Court denies the PRN Parties' Motion to Strike, [Filing No. 37], and Kentuckiana's request for an extension of time to file a response to that motion, [Filing No. 40].

## B. The PRN Parties' Remand Request

The PRN Parties present various arguments in favor of their remand request, [Filing No. 17], but the Court will only detail the dispositive arguments concerning its subject matter jurisdiction.[3] The PRN Parties argue that this Court lacks subject matter jurisdiction because the Kentucky District Court's permissive abstention decision terminated any concurrent bankruptcy jurisdiction the federal courts had pursuant to 28 U.S.C. § 1334(c)(1) and, thus, removal under 28 U.S.C. § 1452 is unavailable. [Filing No. 17 at 12-15.] The PRN Parties emphasize that they filed their action before Kentuckiana declared bankruptcy, that the Kentucky District Court analyzed the nature of the claims in the operative complaint and concluded that permissive abstention was

---

[3] The PRN Parties present numerous other arguments, including that this action is still a non-core proceeding, that equitable remand under 28 U.S.C. § 1452(b) is appropriate, that Kentuckiana's removal was untimely and not properly consented to by all defendants, and that either permissive or mandatory abstention applies. [Filing No. 17 at 21-34.] Because the Court concludes that it does not have subject matter jurisdiction over this action, it will not address these additional arguments or Kentuckiana's responses thereto.

appropriate, that the abstention decision is not reviewable, and that the nature of this action has not materially changed since the abstention decision. [Filing No. 17 at 14-21.]

In response, Kentuckiana contends that the Indiana State Court's dismissal of the Nursing Home Owners from this action made this action removable to federal court because the remaining claims are "core" matters within Kentucky Bankruptcy Court's "exclusive" and "core" jurisdiction. [Filing No. 31 at 11-12; Filing No. 31 at 19-21.] Kentuckiana contends that it is not collaterally attacking the Abstention Order and that its removal is not barred by law. [Filing No. 31 at 19-21.] Alternatively, Kentuckiana contends that the PRN Parties' December 2015 summary judgment motion filed in Indiana State Court constitutes an amendment of the pleadings triggering Kentuckiana's timely removal of the case. [Filing No. 31 at 23.]

In reply, the PRN Parties again point to the Kentucky District Court's Abstention Order, emphasizing the statutory bar to its review and that there is no other basis for federal jurisdiction. [Filing No. 34 at 2-3.] The PRN Parties claim that the Indiana State Court's dismissal of the Nursing Home Owners does not affect the nature of this action or bring it within "core" bankruptcy matters. [Filing No. 34 at 7.] Finally, the PRN Parties point out that Kentuckiana's opposition brief fails to address the statutory bar to reviewing the Abstention Order, as recognized by the Sixth Circuit Court of Appeals. [Filing No. 34 at 14-15.]

Federal jurisdiction, which is a threshold issue, "is the power to declare law." *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005) (citation omitted). Without it, "the federal courts cannot proceed." *Id.* A challenge to subject matter jurisdiction is not waivable or "a mere nicety of legal metaphysics." *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 77 (1988). Instead, it rests "on the central principle of a free society that courts have finite bounds of authority." *Id.*

11

Two federal statutes are key to the Court's review of its subject matter jurisdiction in this case—28 U.S.C. § 1334 and 28 U.S.C. § 1452. The first of those statutes, 28 U.S.C. § 1334, provides that federal district courts have original and exclusive jurisdiction over Chapter 11 bankruptcy cases. That statute specifically allows a district court "in the interest of justice, or in the interest of comity with State courts or respect for State law" to abstain from hearing a proceeding arising under or related to a Chapter 11 bankruptcy. 28 U.S.C. § 1334(c)(1). An abstention decision is not reviewable. 28 U.S.C. § 1334(d); *see In re Seven Fields Dev. Corp.*, 505 F.3d 237, 249 (3d Cir. 2007) ("appeals of decisions involving permissive abstention, whether or not the court abstains, are barred"). The second statute, 28 U.S.C. § 1452, is the removal statute for claims over which the district court has jurisdiction pursuant to 28 U.S.C. § 1334. That statute provides that the district court may "remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). A remand decision is not reviewable. 28 U.S.C. § 1452(b).

Once a federal court determines that permissive abstention is appropriate under 28 U.S.C. § 1334, "everything" that transpires in federal court after that point "take[s] place in the absence of any jurisdiction." *In re C & M Properties, L.L.C.*, 563 F.3d 1156, 1161 (10th Cir. 2009) (concluding *sua sponte* that everything that occurred in the bankruptcy court and the district court in the years following the district court's decision to permissively abstain on a state law malpractice claim was done without federal jurisdiction). The claims on which the federal court abstains "reside[] in state court and any further litigation by the parties in federal court is beside the point, something like playing 'air guitar' rather than the real thing, a sort of mimesis of litigation rather than an actual case or controversy." *Id.* at 1162. Therefore, "[a]ny district court order putatively deciding any aspect of a claim remanded to state court is but an advisory opinion." *Id.* The effects of ignoring the boundaries of jurisdiction in this context can be profound. *Id.* at

1168 ("We are loathe . . . to deliver the unwelcome news that the parties have been litigating in vain in federal court for over four years based on a mistaken premise.").

The Court agrees with the PRN Parties that it lacks subject matter jurisdiction over this action in light of the statutory bar to reviewing abstention orders pursuant to 28 U.S.C. § 1334. The Kentucky District Court thoughtfully analyzed the claims at issue in this litigation more than two years ago and determined that even though "the matter 'related to' a bankruptcy," the applicable factors favored permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) and remand to the Indiana State Court was appropriate. [Filing No. 14-1.] In light of that decision, the federal courts—including this one—lost subject matter jurisdiction over the claims that were remanded. *See In re C & M Prop.*, 563 F.3d at 1161-63. The Sixth Circuit Court of Appeals recognized this well-established principle of law when it dismissed Kentuckiana's appeal of the Abstention Order for lack of subject matter jurisdiction. [Filing No. 14-19 (citing 28 U.S.C. § 1334(d) and 28 U.S.C. § 1452(b)).] Although Kentuckiana's opposition brief ignores that decision and the general effect of the statutes at issue, this Court will not do so.[4]

---

[4] The Court notes that Kentuckiana's nineteen-page Notice of Removal barely mentions the Kentucky District Court's Abstention Order, omits any reference to the Sixth Circuit's denial of Kentuckiana's appeal on jurisdictional grounds, and does not acknowledge the statutory bar to reviewing abstention decisions. [Filing No. 1.] Instead, Kentuckiana conducts an abstention analysis and argues that "discretionary abstention is no longer appropriate." [Filing No. 1 at 9-12.] While it is possible, although unlikely, that Kentuckiana did not realize the significance of the Sixth Circuit's decision and the statutes prohibiting review at the time it filed its Notice of Removal, that could not be the case after the PRN Parties pointed out those issues in the opening brief of their Motion to Remand. [Filing No. 17 at 10-15.] Instead of conceding this point and consenting to remand, however, Kentuckiana filed an opposition brief again ignoring the Sixth Circuit's decision and persisting in its erroneous position that this Court could have jurisdiction. [Filing No. 31.] Kentuckiana's litigation strategy borders on unreasonably protracting these proceedings, and its counsel should take care to avoid such behavior or risk sanctions pursuant to 28 U.S.C. § 1927.

The Court will not belabor its decision, but it will address a few additional points raised by the parties' briefs.[5] The Court specifically rejects Kentuckiana's position that dismissal of the Nursing Home Owners somehow results in "changed circumstances" that revive this Court's subject matter jurisdiction. [Filing No. 31 at 21-22.] Because the PRN Parties' operative complaint was filed a few months before the Abstention Order, all legal claims at issue in this case—including those that still remain pending—were considered by the Kentucky District Court in determining that abstention was appropriate. [Filing No. 14-8 (filed November 2013); Filing No. 14-1 (issued March 2014).] While this Court would typically be inclined to defer to the abstention decision on the bases of comity and law of the case doctrine alone, the applicable statutes forbid review of that decision at all. 28 U.S.C. § 1334(d); 28 U.S.C. § 1452(b).

The Court also rejects Kentuckiana's position that the PRN Parties' December 2015 summary judgment motion filed in the Indiana State Court should be construed as an "amended pleading triggering a new right to remove." [Filing No. 31 at 23.] The Federal Rules of Civil Procedure specifically identify the "only" pleadings allowed, and a summary judgment motion is not among those listed. See Fed. R. Civ. Pro. 7(a) (listing the "only" pleadings as a complaint, an answer, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and possibly a reply to an answer).

---

[5] Kentuckiana asks for an extension of time to file a motion for leave to file a surreply brief in support of its opposition to the remand request, [Filing No. 40], and the parties have fully briefed that motion, [Filing No. 41; Filing No. 42]. The Court denies Kentuckiana's extension request because there is no need for a surreply on the issue of the Court's subject matter jurisdiction, which is the only issue on which the Court rules. The parties' opening, response, and reply briefs sufficiently address that issue, and the procedural history of this case is not in dispute. Thus, a surreply is not necessary and Kentuckiana's request for an extension of time to pursue one is denied. [Filing No. 40.]

For the reasons stated herein, the Court concludes that Kentuckiana has failed to meet its burden as the removing party to establish that this Court has subject matter jurisdiction over this action. Accordingly, this Court must remand this action to the Indiana State Court pursuant to 28 U.S.C. § 1452(b) and 28 U.S.C. § 1447(d).

## IV.
### CONCLUSION

For the reasons detailed herein, the Court concludes that Kentuckiana has not met its burden as the removing party to establish federal jurisdiction. Thus, the Court **GRANTS** the PRN Parties' Motion To Remand. [Filing No. 14.] This action is hereby **REMANDED** to Marion Superior Court pursuant to 28 U.S.C. § 1452(b) and 28 U.S.C. § 1447(d). The Court **DENIES** the PRN Parties' Motion to Strike, [Filing No. 37], and Kentuckiana's Motion for Extension of Time to File a Response to the Motion to Strike and to File a Motion for Leave to File a Sur-reply Brief, [Filing No. 40]. The Court **DENIES AS MOOT** Kentuckiana's Motion To Sever, [Filing No. 24], Motion for a Finding that the Dispute with the PRN Parties is a Core Proceeding and to Strike Their Jury Demand, [Filing No. 26], and Motion to Change Venue, [Filing No. 29].[6] Final judgment shall issue accordingly.

Date: April 15, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Michael Wayne McClain, II
BALLINGER MCCLAIN, PLLC

---

[6] Briefing was suspended on these motions pending the Court's ruling on the PRN Parties' remand motion. [Filing No. 39.] Because the Court is remanding this action to the Indiana State Court, the motions are denied as moot.

mmcclain@mcclaindewees.com

Peter M. Gannott
GANNOTT LAW GROUP
pgannott@gannottlaw.com

Norris Cunningham
HUDDLESTON BOLEN LLP
ncunningham@hallrender.com

Kaitlyn Jordan Marschke
ICE MILLER
katie.marschke@icemiller.com

Aaron D. Grant
ICE MILLER LLP
aaron.grant@icemiller.com

Adam Arceneaux
ICE MILLER LLP
adam.arceneaux@icemiller.com

George A. Gasper
ICE MILLER LLP
george.gasper@icemiller.com

Tyson Crist
ICE MILLER LLP (Columbus)
tyson.crist@icemiller.com

Bradley Scott Salyer
MORGAN & POTTINGER, P.S.C.
bss@morganandpottinger.com